IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STACEY L. BURTON                                                    PLAINTIFF

v.                    No. 4:21-cv-21-DPM

UNITED STATES DEPARTMENT OF THE NAVY,
Kenneth J. Braithwaite, Secretary                                  DEFENDANT

ORDER

1. After four unauthorized absences from duty in the U.S. Navy, Stacy Burton waived his right to a trial by court-martial. He requested and received an other-than-honorable discharge in lieu of punishment. He now seeks a recharacterization of that discharge. Burton has sought this relief before. Between 1995 and 2016, Burton unsuccessfully petitioned the Navy's Board for Correction of Naval Records three times to correct his military records. A little more than two years ago, on a similar record, this Court declined to set aside the Navy's denial of Burton's request to upgrade his discharge. His action was dismissed. *Burton v. United States Dep't of the Navy*, No. 4:19-cv-56-SWW, Doc. 13 & 14 (E.D. Ark. 30 August 2019). Burton has since gathered additional evidence—including a letter and diagnosis from his psychiatrist, Dr. Lynnah Selman—to shore up his claim that his undiagnosed PTSD contributed to the conduct leading to his discharge. His most recent petition to the Board sought reconsideration in light of

this new evidence. The Board denied his petition, concluding that the new evidence was not material.

This Court's review of that decision is limited to whether it was arbitrary, capricious, not supported by substantial evidence, or contrary to law. 5 U.S.C. § 706(2)(A) & (E); *Chandler v. U.S. Air Force*, 255 F.3d 919, 921 (8th Cir. 2001). "As long as the agency provides a rational explanation for its decision, a reviewing Court cannot disturb it." *Henry v. U.S. Dep't of Navy*, 77 F.3d 271, 272 (8th Cir. 1996). "Review of a military agency's ruling, moreover, must be extremely deferential because of the confluence of the narrow scope of review under the APA and the military setting." *Ibid.*

2. Faced with the new evidence about Burton's mental health, the Board had to make a materiality determination. *Lipsman v. Secretary of the Army*, 335 F. Supp. 2d 48, 53 (D.D.C. 2004). The Board received an an opinion from its physician advisor, reviewed the record, and denied Burton's most recent petition. Burton argues hard that the Board failed to review his case with liberal consideration as it was required to do under 10 U.S.C. §§ 1552(h) & 1553(d)(3)(A)(ii). This relatively new standard is rooted in a September 2014 memo from then-Secretary of Defense Chuck Hagel, as clarified by an August 2017 memo from then-Under Secretary of Defense Anthony Kurta. *Hassay v. United States*, 150 Fed. Cl. 467, 483–84 (2020). The parties agree that the statute and the DoD guidance apply here. The Kurta memo explains that the standard

expands the scope of proof the Board must consider before deciding the merits of a PTSD-related petition. *Doc. 14-1 at 2–3*; Jessica Lynn Wherry, *Kicked out, Kicked Again: The Discharge Review Boards' Illiberal Application of Liberal Consideration for Veterans with Post Traumatic Stress Disorder*, 108 Calif. L. Rev. 1357, 1385–86 (2020). The statutory mandate of liberal consideration doesn't affect the Board's discretion to weigh the available evidence and make credibility determinations on the whole record. 32 C.F.R. § 70.8(e)(3)(ii)(B).

The Board's review process was legally sound. 10 U.S.C. § 1552(a)(3)(D); 32 C.F.R. § 723.3(e). The Board liberally considered Burton's petition by receiving and reviewing all of Burton's evidence, including Dr. Selman's September 2019 letter. 10 U.S.C. § 1553(d)(3)(A). The Board appropriately credited Burton's testimony and Dr. Selman's diagnosis in finding that Burton currently suffers from PTSD. The new evidence he presented ties his condition to events predating his discharge from the Navy. Most significantly, before any of his unauthorized absences occurred, Burton witnessed a fatal aircraft accident while onboard the USS Theodore Roosevelt. Dr. Selman said that this event, plus an unrelated hit-and-run accident, caused Burton's PTSD. The Board's physician advisor, Dr. Robert Alonso, reviewed this evidence and weighed it against Burton's in-service records. He concluded, and the Board agreed, that the evidence didn't support a finding that Burton suffered from PTSD while in the Navy or that his

conduct was attributable to PTSD. This was, in effect, a credibility determination based on the record as a whole. The Board therefore adhered to the guidelines and principles governing its review.

The Board provided a rational explanation and substantial evidence supports the Board's decision. Burton's denial of mental health symptoms during his separation physical, the lack of in-service records indicating mental health problems, and the fifteen-year gap between Burton's discharge and diagnosis informed Dr. Alonso's opinion and the Board's decision. In addition, Burton's December 2013 petition for reconsideration said simple miscommunication was the reason for his fifty-day unauthorized absence. *Doc. 5-3 at 54*. This explanation came after Burton's initial PTSD diagnosis in 2010. *Doc. 5-3 at 84*. The liberal-consideration mandate relaxes the evidentiary boundaries for veterans situated like Burton. But the Board must still weigh competing evidence and make judgment calls. The standard of review requires this Court to evaluate whether the decisionmaking was deficient, not whether the decision was correct. *Henry*, 77 F.3d at 272–73 (quotation omitted). The Court sees no deficiency. The Board's decision has sufficient roots in the record and is not unreasoned.

\* \* \*

The final decision of the Board for Correction of Naval Records is affirmed. Burton's action will be dismissed with prejudice.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

7 February 2022